## Case No. 15,075.

### UNITED STATES v. FARRING.

[4 Cranch, C. C. 465.] 1

Circuit Court, District of Columbia.    May Term, 1834.

CRIMINAL LAW—EFFECT OF NOLLE PROSEQUI.

A nolle prosequi, without the consent of the defendant, after the jury has been sworn, is equivalent to an acquittal, and may be so pleaded.

[Cited in brief in State v. Champeau, 52 Vt. 315; State v. Primm, 61 Mo. 168.]

Indictment for larceny [against John Farring].

The defendant had been indicted at this term for stealing two silver dollars, and an order drawn by Hoffman and Stephenson on —— for $15. Upon the trial, the order, produced in evidence, was drawn by Hoffmans and Stephensons.

Mr. Key, for the United States, thereupon directed the clerk to enter a nolle prosequi, and the jury was discharged without the consent of the defendant, and a new indictment was found by the grand jury, reciting the order truly. A verdict of guilty was found upon this second indictment, subject to the effect of the nolle prosequi and discharge of the jury, as if specially pleaded. Motion in arrest of judgment for that cause.

Mr. Taylor, for defendant. It is only in cases of inevitable necessity that a jury can be discharged without the consent of the defendant. Wedderburn's Case, Fost. Crown Law, 22g; 1 Chit. Cr. Law, 630.

Mr. Key, contra. It is now brought to a reasonable rule. Wherever it is for the benefit of, or is indifferent to, the prisoner, the jury may be discharged without his consent, as in the case of the sudden illness of a juror or witness, or where a witness is kept out of the way by the prisoner, or other accident. A mistake of a single letter in an indictment is an accident, like the illness of a witness or juror. 1 Chit. 631, note; 2 Johns. Cas. 275, 301; 2 Caines, 100, 304; Cogan's Case, Leach, 167. But this is not an indictment for the same offence. The order could not have been given in evidence upon the former indictment.

THE COURT (THRUSTON, Circuit Judge, contra) arrested the judgment, being of opinion that the discharge of the jury without the defendant's consent was equivalent to an acquittal as to the dollars, and that the defendant might have pleaded it with an averment that the stealing of the dollars and of the order was one act of taking, if such an averment be necessary; which is doubtful, as the indictment charges it to be one act of theft, and upon a general verdict of guilty he would have been sentenced to the penitentiary.

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 15,076.

### UNITED STATES v. FAULBREE.

[See Case No. 3,393.]

## Case No. 15,077.

### UNITED STATES v. FAW.

[1 Cranch, C. C. 456.] 1

Circuit Court, District of Columbia.    Nov. Term, 1807.

CORONER—INDICTMENT FOR MAKING FALSE STATEMENT OF EVIDENCE—DUTY IN STATING EVIDENCE.

Neither at common law, nor by the statute of Virginia, is the coroner bound to put in writing the effect of the evidence given upon an inquisition, unless the offence be found to be murder or manslaughter.

The indictment charged, that the defendant [Abraham Faw], being coroner of the county of Alexandria, and having, upon view of the dead body of one Curran, taken an inquest, stating that, while opposing the lawful orders of a justice of the peace, the said Curran was killed by a brickbat thrown by some unknown person, but not finding the killing to be murder nor manslaughter, he, the defendant, "wilfully, injuriously, and unlawfully made a false statement of the evidence in writing, and suppressed material parts of the same; and annexed to the inquisition a false, colorable, and unfair statement, in writing, of the said evidence, under the false and colorable pretence of putting in writing and annexing to the said inquisition fairly and truly the effect of the said evidence, being material, in contempt of the laws of the United States, in violation of the duties and dignity of his office, and against the peace and government of the United States."

E. J. Lee, and F. L. Lee, for defendant, moved the court to quash the indictment. The coroner is not bound at common law to put down the effect of the evidence, in writing, in any case; and by the law of Virginia (page 125, § 11; Nov. 29, 1792), he is required to do it only in case the inquisition shall charge some person with murder or manslaughter, which this inquisition does not. 1 Bl. Comm. 346; 2 Inst. 31; 4 Inst. 271. This is an indictment at common law, and if he was not bound at common law to state the evidence in writing, it is no offence to state it imperfectly or incorrectly. And if it states no offence at common law, it may and ought to be quashed on motion. Rex v. Page, 1 Lev. 304; Rex v. Sellars, 3 Mod. 167; Rex v. Griffith, Id. 201; Rex v. Whitehead, 1 Salk. 371; Rex v. Hotch, 1 Strange, 552; Rex v. Lister, 2 Strange, 788.

Mr. Jones, for United States, contra. The coroner, at common law, has a right to

1 [Reported by Hon. William Cranch, Chief Judge.]